UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                 Plaintiff,

-against-

JOHN DOE, subscriber assigned IP address 67.81.236.38,

                 Defendant.

Case No. 1:23-cv-09574 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      On October 31, 2023, Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), an owner of adult films, filed the instant copyright infringement action against Defendant John Doe, who is known only by the subscriber assigned Internet Protocol ("IP") address 67.81.236.38 ("Defendant"). That action alleges that Defendant's IP address has been traced to a location in the Bronx, New York, and that Defendant copied and distributed Plaintiff's copyrighted works without authorization. ECF No. 1 ("Compl.") ¶¶ 9-12, 50-54. Plaintiff also alleges that the only way to identify Defendant is through the IP address associated with the downloading and copying at issue here. *See id.* ¶ 15. On November 15, 2023, Plaintiff filed an *ex parte* motion for leave to serve a third-party subpoena prior to the Federal Rule of Civil Procedure 26(f) conference in this action. ECF No. 8 ("Mot."). The motion seeks leave to subpoena the Defendant's Internet Service Provider ("ISP") – here, Optimum Online ("Optimum") – in order to ascertain the identity of Defendant through his or her IP address. *See* Compl. ¶ 5. For the reasons below, Plaintiff's motion is GRANTED.

      Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." To determine whether early discovery is appropriate, courts apply "a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*,

329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).  The Second Circuit has endorsed several "principal factors" for courts to consider in making this determination.  *See Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).  Those factors include: "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy."  *Id.*

Considering the factors above in turn, each weighs in favor of granting Plaintiff's request for a subpoena at this time.  First, Plaintiff has made a *prima facie* case for copyright infringement by alleging its ownership of a valid copyright, and that Defendant copied elements of that work.  Compl. ¶¶ 34-49.  Second, Plaintiff's request is narrow and specific to the name and address of the owner of IP address 67.81.236.38.  ECF No. 9 ("Mem.") at 2, 7.  Third, Plaintiff has shown that a third-party subpoena regarding Defendant's ISP is the only means available to identify Defendant and that there are no alternative means to locate Defendant's identity.  Compl. ¶ 15; Mem. at 7-8; *see Digital Sin, Inc. v. Does 1-27*, No. 12-cv-03873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012).  Fourth, Defendant's identity is necessary for Plaintiff to effectuate service and for the claim to proceed.  Mem. at 2, 7.  Finally, the privacy interest that ISP subscribers have in the sharing of copyrighted information is minimal.  *See Strike 3 Holdings, LLC v. Doe*, No. 19-cv-05866 (AT) (RWL), 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019).

Courts in this District are frequently faced with requests like these from Plaintiff and similar entities, and routinely conclude that each of the factors counsel in favor of granting the

subpoena. *See, e.g.*, *Digital Sin, Inc.*, 2012 WL 2036035, at *4; *Strike 3 Holdings, LLC*, 2019 WL 4493342, at *2 (collecting cases); *Strike 3 Holdings v. Doe*, No. 22-cv-05850 (VEC), 2022 WL 4240156, at *1 (S.D.N.Y. Aug. 1, 2022) (collecting cases); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-6379 (RA), 2022 WL 3681313, at *2 (S.D.N.Y. Aug. 25, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-05440 (JLR), 2023 WL 4931701, at *2 (S.D.N.Y. Aug. 2, 2023).

Accordingly, the Court finds that Plaintiff has established good cause to serve a third-party subpoena on Defendant's ISP prior to the Rule 26(f) conference.

In addition, consistent with the practice in this District, there is good cause to issue a protective order in connection with this subpoena in light of the subject matter of the copyrighted material, as well as the risk of false identification of Defendant by IP address only. *See Strike 3 Holdings, LLC*, 2022 WL 4240156, at *1. Therefore, the Court grants Plaintiff's motion subject to the protective order as set forth below.

IT IS HEREBY ORDERED that Strike 3 Holdings, LLC may serve a Rule 45 subpoena on Optimum, the ISP identified in its motion, to obtain information to identify John Doe, specifically her or his true name and current and permanent address. Plaintiff shall not subpoena the ISP for John Doe's email addresses or telephone numbers.

IT IS FURTHER ORDERED that Optimum shall have 60 days from the date of service of the Rule 45 subpoena upon it to serve upon Defendant a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant" attached hereto.  The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.  Optimum may serve Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED that Defendant shall have 60 days from the date of service

of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena).  Optimum may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period.  Additionally, if Defendant or Optimum files a motion to quash or modify the subpoena, Optimum may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing Optimum to resume turning over the requested discovery.

IT IS FURTHER ORDERED that if the 60-day period lapses without Defendant or Optimum contesting the subpoena, Optimum shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

IT IS FURTHER ORDERED that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise.

IT IS FURTHER ORDERED that Optimum shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  Should Optimum elect to charge for the costs of production, it shall provide Plaintiff with a billing summary and cost report.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

IT IS FURTHER ORDERED that Plaintiff's time to serve the Summons and Complaint on Defendant is extended to forty-five days after Plaintiff receives the information from Optimum pursuant to the subpoena.

Finally, IT IS HEREBY ORDERED that Plaintiff shall submit to the Court on or before January 15, 2024, and every 60 days thereafter until Defendant files an answer or otherwise responds to the Complaint, a status update in the form of a letter of not more than two pages. The status letter must describe Plaintiff's effort to obtain the necessary information from Optimum and to serve Defendant. Failure to submit such letters in a timely manner may result in dismissal of this action for failure to prosecute.

Dated: November 17, 2023
       New York, New York

                                        SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

**NOTICE TO DEFENDANT**

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 67.81.236.38*, 23-cv-09574 (JLR), a case now pending before the Honorable Jennifer L. Rochon, United States District Judge for the Southern District of New York.

2. Attached is Judge Rochon's Order, dated November 17, 2023, setting forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Foley Square, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP"), Optimum Online.

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.